386 P.2d 972

**Ramon MIRELES, Plaintiff-Appellee,**

v.

**Willie ORONA, Defendant-Appellant.**

**No. 7154.**

Supreme Court of New Mexico.

Nov. 18, 1963.

Rehearing Denied Nov. 18, 1963.

Matteucci, Gutierrez, & Franchini, Albuquerque, for appellant.

Filo M. Sedillo, Belen, for appellee.

PER CURIAM.

Upon consideration of motion for rehearing, the original opinion heretofore filed is withdrawn and the following substituted therefor.

OPINION

CHAVEZ, Justice.

Plaintiff-appellee filed suit to quiet title to a tract of land situate within Sec. 1, Twp. 6 N., R. 2 E., N.M.P.M., Valencia County, New Mexico, and being known and designated as Tract No. 38, Map 78, of the survey of the Middle Rio Grande Conservancy District, containing 0.355 acres; for an injunction and for removal of a ditch, embankment and fence. A separate petition for a restraining order and mandatory injunction was filed on the same day by appellee, praying that an order to show cause issue directing appellant to show cause why he should not be ordered to remove the ditch, embankment and fence. The parties appeared in court, pursuant to the order to show cause, and stipulated that the court could try the title and ownership of said tract. The trial court made its findings of fact and conclusions of law and entered judgment decreeing that appellee is the owner in fee simple of the tract in question; enjoined appellant from digging ditches and building or maintaining fences on said tract, and ordered appellant to remove the ditch and fence on said tract.

The trial court found substantially as follows: That the Middle Rio Grande Conservancy District was created in 1929, at which time all properties within said Conservancy District were surveyed and platted; that among these properties was Tract No. 38 of Map 78; that the property described as Tract 38, Map 78, belonged to Sotero Otero; that a tax deed issued to the state of New Mexico by the treasurer of Valencia County prior to October, 1943; that in October, 1943, the state tax commission issued a deed for Tract 38, Map 78, to the Middle Rio Grande Conservancy District; and that said Conservancy District, on October 27, 1943, deeded said tract to Sotero Otero.

The trial court also found that Tract 38, Map 78, was deeded by the owner, Sotero Otero, to Jose Abran Candelaria in 1946; that Jose Abran Candelaria assessed the property in his name and was the owner of and in possession of said property from 1946 until March 6, 1957, when he deeded said property to Simon Otero; that on July 1, 1959, Valencia County deeded said tract to the state tax commission; that on July 15, 1959, the state tax commission deeded said tract to the Middle Rio Grande Conservancy District; that on August 12, 1959, the said Conservancy District deeded said tract to Simon Otero, the same person to whom Jose Abran Candelaria had deeded the property to on March 6, 1957; that on

February 13, 1961, Simon Otero deeded said tract to appellee.

The trial court also found that the chain of title to said Tract 38, Map 78, has been continuous and uninterrupted since the Middle Rio Grande Conservancy District was formed in 1929, over a period of 32 years, and that the owners of said tract have had peaceful and physical possession of said property.

The trial court concluded that appellee is the owner in fee simple and in possession of Tract 38, Map 78, of the surveys of the Middle Rio Grande Conservancy District, as described in finding of fact No. 7.

Appellee introduced in evidence a quit-claim deed from the Middle Rio Grande Conservancy District to Sotero Otero dated October 27, 1943. Jose Abran Candelaria testified that he purchased this tract in 1946 from Sotero Otero, had a home thereon and sold it to Simon Otero. Candelaria and wife deeded said tract to Simon Otero and wife on March 26, 1957. On February 13, 1961, Simon Otero and wife conveyed to appellee, Ramon Mireles and wife.

On July 1, 1959, a tax deed covering Tract 38, Map 78, issued to the state for delinquent taxes; on July 15, 1959, the state tax commission deeded the tract to the Middle Rio Grande Conservancy District; and on August 12, 1959, the said Con-

servancy District conveyed the tract to Simon Otero.

Appellant introduced evidence that a patent issued to Jacobo Orona on May 27, 1938; that Jacobo Orona died in May, 1942; that in the administration of his estate, Lot 1, Sec. 1, Twp. 6 N., R. 2 E., N.M.P.M., was listed among his assets; that on December 6, 1948, the district court, sitting as a probate court, decreed that all assets of the estate of Jacobo Orona vested in his widow, Aurelia Orona, who, on April 12, 1954, conveyed said Lot 1 to appellant.

Appellant's points are as follows:

I.   The court erred in its conclusion of law No. 2, that appellee is the owner in fee simple of that portion of Tract 38, Map 78, of the survey of the Middle Rio Grande Conservancy District which lies within Lot 1, Sec. 1, Twp. 6 N., R. 2 E., N.M.P.M., Valencia County, New Mexico.

II.  The court erred in finding and concluding that appellee and his predecessors have had a continuous and uninterrupted chain of title to Tract 38, Map 78, since 1929, a period of 32 years.

III. The court erred in concluding that appellee and his predecessors have occupied and possessed Tract 38, Map 78, continuously for 32 years.

IV.  The court erred in concluding that the taxes were continuously paid on Tract 38, Map 78, for the past 32 years.

Appellant's point I is decisive of this case. Assuming that all of the facts found by the trial court are correct and supported by substantial evidence, the court, nevertheless, erred in concluding that appellee is the owner in fee simple and in possession of Tract No. 38, Map 78, of the survey of the Middle Rio Grande Conservancy District, which lies within Lot 1, Twp. 6 N., R. 2 E., N.M.P.M., Valencia County, New Mexico. All that the court did in its finding of fact was to determine that appellee had established title to Tract No. 38, as described above. Surveyors testifying for both parties testified that the Conservancy District surveys were frequently inaccurate and sometimes amounted to as much as 200 feet. In addition, appellant's surveyor testified that due to the inaccuracies of the Conservancy District map, an actual survey of the land involved could well shift the disputed boundary westerly to the extent that there would be no actual conflict between Tract No. 38 and Lot 1.

The court below made no finding of fact with respect to appellant's title to Lot 1.

Neither were findings of fact made which would resolve the conflict in the surveys in evidence. By failing to make findings of fact on these two points, the court fell into error.

The judgment is reversed and the cause remanded to the district court with direction to make findings of fact as to appellant's claim of title and as to the conflict between the surveys in evidence.

It is so ordered.

CARMODY and MOISE, JJ., concur.